IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01797-WJM-KLM

THE COLORADO COALITION FOR THE HOMELESS, a Colorado Nonprofit Corporation,

    Plaintiff,

v.

GENERAL SERVICES ADMINISTRATION, and
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

    Defendants.

## UNOPPOSED MOTION TO DISMISS UNDER RULE 12(b)(1)

Plaintiff brought this action seeking an order from this Court requiring the United States Department of Housing and Urban Development ("HUD") to reassess whether the parcel of land at issue in this action (the "Surplus Property") is suitable for use to assist the homeless, and enjoining the General Services Administration ("GSA") from selling the Surplus Property pending HUD's reassessment. (ECF No. 3.) HUD has now conducted a reconsideration and determined that the Surplus Property is suitable for homeless use. *See* Exhibit A (Federal Surplus Property Program Suitability Determination Listing for 10/06/2017, at page 1). GSA then canceled the auction of the Surplus Property. *See* Exhibit B (notice of GSA's cancellation of the auction). Because the actions HUD and GSA have taken make the relief Plaintiff requested unnecessary, this case is moot.

Defendants therefore move, pursuant to Federal Rule of Civil Procedure 12(b)(1), for dismissal of this action for lack of subject-matter jurisdiction. Counsel for the parties have

conferred and counsel for Plaintiff has advised that Plaintiff does not oppose this motion to dismiss.

**ARGUMENT**

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow* v. *Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). Accordingly, "[i]f an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." *Southern Utah Wilderness Alliance* v. *Smith*, 110 F.3d 724, 727 (10th Cir. 1997).

Cases become moot when the relief the plaintiff sought is no longer needed. *See, e.g., Silvery Minnow*, 601 F.3d at 1111-12 (where environmental groups claimed that agencies failed to fully consult on biological opinion concerning effects of a federal project on an endangered species of minnow, the case became moot once agencies issued a superseding biological opinion after full consultation); *Hayes* v. *Osage Minerals Council*, 2017 WL 2829374 (10th Cir. June 30, 2017) (unpublished) (where plaintiffs challenged the sufficiency of an agency analysis for drilling permits, the case became moot once the agency conducted a new analysis).

Here, the relief Plaintiff sought in the Complaint is no longer needed. Plaintiff brought this action seeking a court order (i) requiring HUD to reassess the Surplus Property for use to assist the homeless and (ii) enjoining GSA from selling the Surplus Property at auction until HUD completed its reassessment. (ECF 3 at 12.) HUD and GSA have now taken actions that

render the requested relief unnecessary.[1] HUD conducted a reconsideration and determined that the Surplus Property is suitable for homeless use. GSA then canceled the auction of the Surplus Property. Homeless representatives interested in acquiring the Surplus Property may now submit applications to HHS in accordance with Title V of the McKinney-Vento Homeless Assistance Act. Thus, there is no live case or controversy remaining, and the action is therefore moot. *See Southern Utah*, 110 F.3d at 727.

The voluntary cessation exception to mootness does not apply to HUD's suitability determination or GSA's cancellation of the auction. The voluntary cessation exception exists to counteract the possibility of a defendant ceasing challenged conduct just long enough to render a lawsuit moot and then resuming the challenged conduct. *Ghailani* v. *Sessions*, 859 F.3d 1295, 1302 (10th Cir. 2017); *contrast F.E.R.* v. *Valdez*, 58 F.3d 1530, 1534 (10th Cir. 1995) (voluntary cessation exception does not apply to patients' request for return of medical files after those filed had been returned). Here, HUD has reversed its unsuitability determination. The Surplus Property is now available for applications for use to assist the homeless. There is no risk of GSA restarting the auction during this application phase because pursuant to the McKinney Act, the "property may not be made available for any other purpose until the date the Secretary of Health and Human Services or other appropriate landholding agency has completed action" on applications submitted in accordance with the Act. *See* 42 U.S.C. § 11411(d)(1)&(2).

---

[1] The Court may review materials outside the pleadings without converting this Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *See Davis ex rel. Davis* v. *United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

**CONCLUSION**

Defendants respectfully request that the Court dismiss this action for lack of subject-matter jurisdiction.

Respectfully submitted this 31st day of October, 2017.

>ROBERT C. TROYER
>Acting United States Attorney
>
>*s/ Marisela D. Sandoval*
>Marisela D. Sandoval
>Special Assistant United States Attorney
>Jasand Mock
>Assistant United States Attorney
>1801 California Street, Suite 1600
>Denver, CO 80202
>Phone: 303-454-0100
>Email: Marisela.Sandoval@usdoj.gov
>Email: Jasand.Mock@usdoj.gov
>
>*Attorneys for the General Services Administration and United States Department of Housing and Urban Development*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)**

   I hereby certify that on October 31, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

Jparvensky@gmail.com
hfarbes@bhf-law.com
mfitzgerald@bhfs.com

                  *s/ Marisela D. Sandoval*
                  Marisela D. Sandoval