**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-01797-WJM-KLM

THE COLORADO COALITION FOR THE HOMELESS, a Colorado Nonprofit Corporation,

    Plaintiff,

v.

GENERAL SERVICES ADMINISTRATION, and
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

    Defendants.

**PLAINTIFF'S RESPONSE TO COURT ORDER DATED NOVEMBER 1, 2017 AND DEFENDANT'S MOTION TO DISMISS**

In early August, the parties submitted a joint motion to stay proceedings to provide time for the United States Department of Housing and Urban Development ("HUD") to reconsider its determination that the parcel of land at issue in this action (the "Surplus Property") was unsuitable for use to assist the homeless. (ECF No. 29.)

The Court issued an order staying the action until September 25, 2017 and ordering the parties to submit a joint status report no later than September 25, 2017. (ECF No. 32.)

Pursuant to that order, the parties submitted a joint status report on September 25, 2017, informing the Court that HUD had issued written notice of its reconsideration of the original determination respecting the Surplus Property, and it's re-considered determination that the Surplus Property <u>is</u> suitable for use to assist the homeless, and that GSA was taking steps to

cancel the auction of the Surplus Property until an appropriate determination of HHS and GSA respecting utilization of the Surplus Property in accord with the McKinney Act.  (ECF No. 33).

The Court issued an order on September 26, 2017 requiring the parties to file a further joint status report no later than October 31, 2017.  (ECF. 34.)  In accordance with that order, the parties submitted a joint status report advising that:

1. On October 2, 2017, GSA cancelled the disposal sale of the Surplus Property.

2. On October 6, 2017, HUD published its formal suitability determination.

3. Defendants filed a motion to dismiss the action as moot, which Plaintiff indicated

to the U.S. Attorney's office that it did not plan to join nor oppose.

Plaintiff included statements in the October 31, 2017 joint status report underscoring its concerns that despite the actions of the Defendants to allow Plaintiff to formally apply to acquire the Surplus Property through the Title V process, the Government retained significant discretion and authority to deny Plaintiff's attempt to actually acquire the Surplus Property to assist the homeless.

Specifically, Plaintiff cited statements from the U.S. Department of Health and Human Services (HHS), the agency charged with approving specific applications to acquire surplus property under Title V, stated to plaintiff that "**HHS does not have the final authority for disposition of the property.  The General Services Administration, subsequent to HHS's determination, must assign the property to HHS before it can be conveyed**."  (ECF.34).

Furthermore, Plaintiff raised concerns regarding the vagueness of the standards for review of applications for surplus property by HHS.

The Court issued an order on November 1, 2017 requesting Plaintiff's response to certain assertions in the Government's motion to dismiss.

Plaintiff hereby responds to the Court's order and provides its following position in response to the motion to dismiss:

Defendants argue in its Motion to Dismiss (ECF.36.) that the case should be dismissed "because the actions HUD and GSA have taken make the relief Plaintiff requested unnecessary . . ." They specifically argue that because HUD conducted a reconsideration of its initial decision, and determined that the Surplus Property is suitable for homeless use, and GSA cancelled the auction of the Surplus Property, the case is moot and there is no longer a live case or controversy remaining.

Defendants further argue that the voluntary cessation exception to mootness does not apply to this case.

Plaintiff disagrees on both counts.

First, while HUD and GSA's actions re-determining the suitability of the Surplus Property for homeless use and the canceling of the auction respectively provided the initial relief originally sought by Plaintiff in its Motion for Temporary Restraining Order and Preliminary Injunction, the Government's actions do not provide a final resolution of the underlying cause of action, or any subsequent relief that Plaintiff might request based on the Government's continuing actions concerning its requirements under Title V of the McKinney Act.

As noted above, the specific statement provided by HHS in its instructions to Plaintiff in its October 12, 2017 email included the statement that: "**Please note, however, that the Department of Health and Human Services (DHHS) does not have the final authority for**

**disposition of the property.  The General Services Administration, subsequent to HHS's determination, must assign the property to HHS before it can be conveyed** (emphasis added)."

By its own statements, the Government retains the authority for the disposition of the property to an entity other than Plaintiff regardless of any prior or future actions taken by HUD, GSA, and HHS, and despite any prior relief Plaintiff may have received by the Court's orders or Defendants' voluntary actions.

Plaintiff, therefore, believes that a live case and controversy remains in that its rights under Title V can still be deprived by further action of the Government.

Second, Plaintiff disagrees with Defendant's position that the voluntary cessation exception to mootness does not apply to this case.

As the Government notes in its motion, "The voluntary cessation exception exists to counteract the possibility of a defendant ceasing challenged conduct just long enough to render a lawsuit moot and then resuming the challenged conduct." ( Page 3).

While the Government states that "There is no risk of GSA restarting the auction during the application phase . . .", there is indeed still a risk that GSA may restart the auction process regardless of the determination by HHS on Plaintiff's application to acquire the property under Title V, since, as HHS states, the final authority for disposition of the Surplus Property remains with GSA.

The doctrine of the voluntary cessation to mootness applies when a defendant voluntarily stops the conduct challenged in a case.  However, as stated by the Tenth Circuit Court of Appeals in *EEOC v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173-74 (10th Cir. 2017):

When the conduct stops, the claim will be deemed moot only if two conditions exist:

1. "It is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur", and
2. "Interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." .

Neither of these conditions has been met in this case.

First, as previously noted, GSA retains the authority and ability to deny the transfer of the property to Plaintiff regardless of HHS's decision on the application to be submitted by Plaintiff to acquire the property to assist the homeless.

Secondly, given the vagueness of the standards of review by HHS on an application to acquire the property, denial of Plaintiff's application by HHS would leave Plaintiff in the same position it was in when the initial complaint and motion for injunctive relief was filed – i.e. with GSA auctioning the property and Plaintiff without the ability to acquire it pursuant to Title V.

Finally, the interim relief provided by this Court and the voluntary actions of Defendants have not irrevocably eradicated the effects of the alleged violation, since Defendants can still achieve their initial intent of selling the property to the highest bidder.  The Government could be just "running out the clock" in hopes that the Title V application for the property is denied and they can resume the auction process.

While Plaintiff has no direct knowledge of any collusion among the Government agencies involved in the disposition process of the Surplus Property that would deny Plaintiff its right to acquire the property to assist the homeless, it has been established that the federal agencies in other instances have not fully discharged their responsibilities under Title V of the

McKinney Act and have taken actions to thwart efforts of agencies serving the homeless to acquire such properties. See *National Law Center on Homelessness and Poverty, et al. vs. United States Veterans Administration, et al.,* 931 F.Supp.2d 167 (D.C.C. March 21, 2013).

However, it is not necessary for Plaintiff to prove a likeliness that wrongful behavior will occur. It must only establish that it is not ". . . absolutely clear the wrongful behavior **could not reasonably be expected to recur** (emphasis added)." *EEOC v. CollegeAmerica Denver, Inc, id. at p.4.*

Based on the forgoing, it is Plaintiff view that the requirements for the "voluntary cessation" exception to mootness does apply in this case.

Wherefore, as prescribed in the Court's November 1 Order, Plaintiff has announced its reasons for disagreement with the Government's assertion that the doctrine of mootness does not apply here, announces its contention that the criterion for voluntary cessation regarding mootness, as stated in *EEOC vs College America Denver, Inc.*, have been met in this case, and respectfully requests that the Court consider these Plaintiff positions in making its ultimate determination respecting the Government's Motion. Plaintiff believes the Court may retain jurisdiction in this proceeding until GSA ultimately acts to transfer the property to HHS, for further transfer to Plaintiff or another provider of services for the homeless, in accordance with Title V.

Respectfully submitted this November 8, 2017.

JOHN PARVENSKY


*s/ John Parvensky*
John Parvensky
***Attorney***
3225 Wyandot Street
Denver, CO 802112
Telephone: (303) 285-5204
E-mail: jp@coloradocoalition.org

*Attorney for The Colorado Coalition for the Homeless*

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*s/ Martha L. Fitzgerald*
Hubert A. Farbes, Jr., #6353
Martha L. Fitzgerald, #14078
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Phone Number: 303.223.1100
FAX Number: 303.223.1111
E-mails: hfarbes@bhfs.com; mfitzgerald@bhfs.com

*Co-counsel for The Colorado Coalition for the Homeless*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on November 8, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

Jasand Mock  **jasand.mock@usdoj.gov**

                                            *s/ John Parvensky*
                                            John Parvensky